IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM FORD AYRES, JR.,** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **PAUL J. STOWITZKY, et al.,** | : | |
| Respondents | : | NO. 06-1636 |

**ORDER**

AND NOW, this 4th day of May, 2007, upon consideration of the filing of a Post-Conviction Relief Act Petition by Mr. Ayres[1] on October 20, 2006, it is hereby ORDERED that

1. The Report and Recommendation (Docket No. 8) is ADOPTED in its entirety; and

2. The Petition for Writ of Habeas Corpus (Docket No. 1) is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.[2]

---

[1] Mr. Ayres uses a different middle name in his state court filing. However, the prisoner number (DZ-7274) cited by the PCRA petitioner, William Edward Ayres, is the same as that of the present Petitioner, William Ford Ayres. In addition, the state case number (CP-9804-0109 1/1) cited in the PCRA petition is the same as that of the convictions challenged in the present habeas corpus petition.

[2] The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitations period for filing applications for writs of habeas corpus. 28 U.S.C.A. § 2244(d)(1). Absent a new retroactive constitutional right, a state-imposed impediment to filing a petition, or claims based on new facts that were not previously discoverable through the exercise of due diligence, the one-year limitations period is calculated from the date the state judgment becomes final. See id. Mr. Ayres's judgment of sentence became final on February 8, 2006, 90 days after the Supreme Court of Pennsylvania denied his petition for allowance of appeal on November 10, 2005. See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (citing Kapral v. United States,166 F.3d 565, 577 (3d Cir. 1999)). Thus, starting February 8, 2006, Mr. Ayres had one year in which properly to file a federal habeas petition.
   A properly filed PCRA petition, however, will toll the federal limitations period. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) (limitations period may be tolled during the time a state collateral proceeding is pending if the collateral petition was submitted according to the

There is no basis on which to issue a Certificate of Appealability under 28 U.S.C. § 2253.[3]

It is further ORDERED that the Court's Order of April 30, 2007 (Docket No. 13) is hereby VACATED.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

state's procedural requirements, such as the rule governing the time and place for filing). At the time Mr. Ayres filed the October 20, 2006 PCRA Petition, he had approximately 103 days remaining in his federal limitations period.

[3] Mr. Ayres has not made a substantial showing of the denial of a constitutional right for any of his claims as required under 28 U.S.C. § 2253(c)(2).